IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JEREMY L. MAESTAS, | Cause No. CV 21-65-H-SEH |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN MONTANA STATE PRISON; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On September 9, 2021, Petitioner Jeremy Maestas ("Maestas") filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief.[1]  On October 6, 2021, he was ordered to show cause as to why this petition should not be dismissed as time-barred and procedurally defaulted.[2]  He responded to the order to show cause on October 12, 2021.[3]

---

[1] Doc. 1 at 8.
[2] Doc. 3.
[3] Doc. 5.

The response does not argue that Maestas has newly discovered evidence to establish his actual innocence. He asserts instead that he was unaware of the ability to file an appeal, to seek postconviction relief, to seek sentence review with the Montana Sentence Review Division, or to file a state habeas corpus petition,[4] that he is entitled to equitable tolling based on ineffective assistance of counsel and inappropriate pressure to accept a plea,[5] that he entered an *Alford* plea only after the prosecutor refused to allow him to withdraw a guilty plea,[6] that he knew the court could not accept an *Alford* plea to a sexual offense and that the judge presiding over his case was "just as guilty" as Maestas himself.[7]

## I.    Statute of Limitations

Maestas argues the Court should toll the statute of limitations[8] due to his lack of legal training and knowledge. However, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."[9] Maestas has failed to show a basis to entitle him to equitable tolling

---

[4] Doc. 4 at 1.

[5] Doc. 4 at 1.

[6] A plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), is a plea of guilty in which the defendant maintains his innocence.  See generally, *Alford*, 400 U.S. at 36; see also, *United States v. Crowell*, 374 F. 3d 790, 791 (9th Cir. 2004); *United States v. Mancinas-Flores*, 588 F. 3d 677, 681 (9th Cir. 2009).

[7] Doc. 4 at 2.

[8] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[9] *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); *see also*, *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.").

therefore his claims remain untimely.

## II.   Procedural Default

Maestas claims the cause for default of his claims was due to trial counsel's failure to inform him of his ability to seek a direct appeal or other forms of collateral review. The argument is without merit.

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him ... impeded his efforts to comply with the State's procedural rule."[10]  Attorney ignorance or inadvertence cannot establish cause for a procedural default, but "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]"[11]

An ineffective assistance claim must be presented to the state courts as an independent claim before it may be asserted as a basis in this court to establish cause for a procedural default.[12] Maestas did not present any of his claims to any state court. His ineffective assistance of counsel claim cannot now serve as cause to excuse the default of his underlying habeas claims. The claims remain procedurally defaulted.

---

[10] *Maples v. Thomas,* 565 U.S. 266, 280 (2012) (citation omitted); *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

[11] *Coleman,* 501 U.S. at 753-54; *see also Davila v. Davis,* 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel.").

[12] *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier,* 477 U.S. 478, 489 (1986)).

### III.   Non-Cognizable Claim

Finally, Maestas argues that an error of federal constitutional magnitude occurred when the state district court accepted his *Alford* plea. The Montana Supreme Court has previously addressed this issue and has determined that because an *Alford* plea is a guilty plea, state courts are not statutorily prohibited from accepting *Alford* pleas to sexual offenses.[13]

The decision regarding acceptance of an *Alford* plea under state statute was exclusively within the state court's domain. It implicated no federal rights and provided no basis to excuse the untimeliness or default of Maestas's petition.

### IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant."[14] Maestas has failed to show that he was deprived of a constitutional right, or to establish a colorable claim of equitable tolling, or to demonstrate cause and prejudice to set aside the procedural default.  Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability is denied.

**ORDERED**

1. The Petition[15] is DISMISSED with prejudice.

---

[13] *Lawrence v. Guyer*, 440 P.3d 1, 3–4 (Mont. 2019), *reh'g denied* (May 14, 2019).
[14] Rule 11(a), Rules Governing § 2254 Proceedings.
[15] Doc. 1.

2. The Clerk of Court is directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this _1st_ day of December, 2021.

Sam E. Haddon
United States District Judge